IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

JENNI KOVICH,
individually and on behalf of all
similarly situated insureds,

    Plaintiff,

v.

NATIONWIDE PROPERTY &
CASUALTY INSURANCE COMPANY, a
foreign corporation, and CODY McCONNELL,

    Defendants.

Civil Action No. 3:20-cv-00518
Judge _____

## COMPLAINT

**COMES NOW** the Plaintiff Jenni Kovich, individually and on behalf of all similarly situated insureds, pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. §2201 and *W.Va Code §55-13-1 et seq.*, who for her *Complaint* against Defendants Nationwide Property & Casualty Insurance Company ("Nationwide") and Cody McConnell ("McConnell"), states as follows:

### Common Allegations

1. The Plaintiff Jenni Kovich is a resident of 50 Dud Bennett Road, Leon, West Virginia, and has resided there at all times relevant to this Complaint.

2. Defendant Nationwide is a foreign corporation, licensed to transact, and actively engaged in, the business of insurance in Mason County, West Virginia.

3. Upon information and belief, Defendant McConnell is a resident of Iowa.

4. At all times relevant to this Complaint, Defendant McConnell is, and has been, employed as a claims adjuster by Defendant Nationwide.

34074/107

5. As Defendant McConnell was an employee of Defendant Nationwide at all relevant times, Defendant Nationwide is chargeable with Defendant McConnell's conduct under the legal and equitable doctrines of vicarious liability, specifically including, but not limited to the doctrines of employer/employee, master/servant, principle/agent, non-delegable duty, respondeat superior, and/or insurance regulatory law.

6. At all relevant times, Defendants Nationwide and McConnell were engaged in the business of insurance, as defined in the West Virginia Unfair Trade Practices Act, **W.Va. Code §33-11-2, et seq.**

7. This Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §2201 based upon complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00, and because the transactions giving rise to this Complaint occurred in the Southern District of West Virginia.

8. At all relevant times, Defendant Nationwide had issued a homeowners insurance policy to the Plaintiff, insuring her home and property at 50 Dud Bennett Road, Leon, West Virginia, under Nationwide Policy No. 9247HR016629 (the "Nationwide Policy").

9. On or about April 13, 2020, a wind storm occurred in the area of the Plaintiff's home and property which damaged the Plaintiff's home and also severely damaged the Plaintiff's barn, located adjacent to the home.

10. As a direct and proximate result of the windstorm, the Plaintiff sustained significant damages to her home and barn, as well as damages for the cost of removing the resulting debris.

### Count I - Declaratory Judgment/Breach of Contract (Nationwide)

11. Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every

allegation contained in Paragraphs 1 through 10 of this Complaint, as though fully restated and made a part of Count I of this Complaint.

12. At the time of the subject windstorm, the Plaintiff's home and barn was insured under the Nationwide Policy, with relevant dates of October 12, 2019 through October 12, 2020, which provided coverage for wind damage to the Plaintiff's residence and her barn, as well as her personal property located on the premises.

13. The Nationwide Policy obligated Defendant Nationwide to pay the Plaintiff for the full cost to repair her home and barn, as well as the cost of replacing her lost and damaged personal property.

14. Following the windstorm, the Plaintiff timely notified Defendant Nationwide of the damage to her property resulting from the April 13, 2020 windstorm and presented a claim under the Nationwide Policy, which Nationwide identified as Claim No. 415069-GK and assigned to Defendant McConnell for handling.

15. Plaintiff, at all relevant times, paid the premiums as due and otherwise complied with the terms and conditions of the Nationwide Policy.

16. Despite being given the opportunity to inspect the damages to the Plaintiff's property, Defendant Nationwide failed to assist the Plaintiff in completing her claim, failed to promptly pay covered clean-up and debris removal costs associated with remediating the damages to the Plaintiff's property, and failed to offer and pay the Plaintiff the full amount of the damages to her residence and barn.

17. Instead, on July 16, 2020, Defendant Nationwide, through Defendant McConnell, advised the Plaintiff that Defendant Nationwide would be taking a deduction for depreciation in

connection with its payment for the necessary repair and/or replacement of the Plaintiff's real property and refused to pay the Plaintiff for the full amount of the damages caused by the windstorm.

18. Defendant Nationwide was promptly notified of the April 13, 2020 windstorm and was given the opportunity to investigate Plaintiff's claims arising from the storm under the Nationwide Policy.

19. Because the April 13, 2020 windstorm and the resulting damage to the Plaintiff's property was a covered cause of loss, Defendant Nationwide was obligated to promptly investigate the Plaintiff's claims, to pay insurance benefits for the cost of repairing and/or replacing in cleaning up the Plaintiff's real property without deduction for depreciation, and to pay the replacement costs for Plaintiff's lost and damaged personal property.

20. Defendant Nationwide's refusal to provide necessary first-party assistance to the Plaintiff, its refusal to pay the Plaintiff applicable insurance benefits without imposing an unlawful deduction for depreciation, and its refusal to pay the Plaintiff the full amount for her damages constitute a breach of the Nationwide Policy, which has proximately caused the Plaintiff to incur continuing economic and non-economic damages.

21. As a direct and proximate result of Defendant Nationwide's breach of the Nationwide Policy, the Plaintiff is entitled to recover compensatory damages from Defendant Nationwide for her net economic loss, attorney fees, and consequential damages.

22. An actual controversy exists between the Plaintiff and Defendant Nationwide as to Defendant Nationwide's liability to pay the Plaintiff insurance benefits for the damage to her real and personal property caused by the subject windstorm.

23. The Plaintiff is entitled to a Declaratory Judgment that Defendant Nationwide is

obligated to pay insurance benefits to the Plaintiff for the full cost of repairing and/or replacing and cleaning up the Plaintiff's real property without deduction for depreciation, and for the replacement cost of her lost and damaged personal property pursuant to the Declaratory Judgments Act found at *W. Va. Code §55-13-1, et seq.*

24. Upon information and belief, when other Nationwide insureds in West Virginia have made claims for damage to their insured real property similar to the named Plaintiff herein, Defendant Nationwide has applied an unlawful deduction for depreciation in connection with the loss and/or repairs to their real property.

25. An actual controversy exists between the Plaintiff and Defendant Nationwide with respect to Defendant Nationwide's deductions for depreciation in connection with loss and/or repair to real property.

26. The Plaintiff is entitled to a Declaratory Judgment, pursuant to the Declaratory Judgment Acts at *W. Va. Code §55-13-1, et seq.*, that under applicable West Virginia law, Defendant Nationwide is obligated to pay insurance benefits for the full cost of repairing and/or replacing damage to real property, without deduction for depreciation.

### Count II - Allegations under Rule 23 of the West Virginia Rules Of Civil Procedure

27. Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 26 of this Complaint, as though fully restated and made a part of Count II of this Complaint.

28. Plaintiff Jenni Kovich brings this action on behalf of herself and, pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, all other similarly situated insureds, as

representative of the following class (hereinafter referred to as the Class):

Any person or entity:

1. Who is or was insured under a Nationwide insurance policy covering real property located in West Virginia; and

2. Who, on or after April 13, 2010, suffered a covered cause of loss for damage to their insured real property; and

3. Who received an offer or payment for the cost of repairing and/or replacing the damage to their real property which reflected a deduction by Nationwide for depreciation in connection with the cost of repairing and/or replacing the real property.

29. On behalf of the Class, the Plaintiff, pursuant to Rule 23(b)(2) and 23(b)(1)(A) of the West Virginia Rules of Civil Procedure, seeks class certification of the claim in Count I of this Complaint, which seeks a declaratory judgment that Defendant Nationwide is obligated to pay insurance benefits for the full cost of repairing or replacing damage to real property, without deduction for depreciation.

30. Furthermore, on behalf of the Class, the Plaintiff, pursuant to Rule 23(b)(3) and 23(c)(4)(A) of the West Virginia Rules of Civil Procedure, seeks class certification of the claim in Count I of this Complaint, which seeks a damages for breach of contract.

31. Plaintiff seeks a class determination of the disputed issue regarding Defendant Nationwide's obligation to offer and pay insurance benefits for the full cost of repairing and/or replacing damage to real property, without deduction for depreciation, and the determination of the economic loss sustained by the Class as a proximate result of Defendant Nationwide's deductions for depreciation.

32. While the Plaintiff does not presently possess information sufficient to identify the exact size of the Class, Plaintiff reasonably believes the total size is sufficiently numerous that joinder of all members would be impracticable.

33. The claims of the Plaintiff are typical of the claims of the Class, and the Plaintiff will fairly and adequately protect the interests of the Class.

34. The Plaintiff has no conflict with any other Class member and has retained competent counsel experienced in insurance and tort litigation.

35. Defendant Nationwide has, upon information and belief, acted or refused to act on grounds generally applicable to the Class, thereby making relief with respect to the Class as a whole appropriate.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant Nationwide or adjudications with respect to individual members of the Class and which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or which would substantially impair or impede their ability to protect their interests.

37. Common questions of law and fact exist, including:

    a. The relevant contractual and legal duties which Defendant Nationwide owes to the Plaintiff and the Class relative to the validity of Nationwide's deduction for depreciation in connection with claims for damage to real property in West Virginia;

    b. Whether Defendant Nationwide breached contractual and legal duties owed to Plaintiff and the Class through its

        deduction for depreciation in connection with the cost of repairing or replacing real property in West Virginia; and

   c.    Whether the Class is entitled to declaratory relief concerning the deduction for depreciation in connection with the cost of repairing or replacing real property in West Virginia.

38. The aforementioned questions of law and fact are common to the Class and predominate over any questions affecting only individual Class members.

39. Class action treatment is a superior method for the fair and efficient adjudication of the controversy described herein, and a Class action provides the most efficient method for the enforcement of the rights of the Plaintiff, the Class members, and Defendant Nationwide.

40. The Plaintiff knows of no unusual problems of management and notice with respect to the Class.

41. The Plaintiff believes the total size of the Class is sufficiently numerous that joinder of all members would be impracticable.

42. The claims raised against Defendant Nationwide concerning its deductions for depreciation in connection with the cost of repairing and/or replacing real property are typical of the claims of the Class such that the Plaintiff will fairly and adequately protect the interests of the Class.

### Count III- Common-law "Bad Faith" (Nationwide)

43    Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 42 of this Complaint, as though fully restated and made a part of Count III of this Complaint.

44. Through its actions described herein and its refusal to properly pay Plaintiff's claims, Defendant Nationwide breached its common-law duty of good faith and fair dealing to the Plaintiff,

such that its conduct amounts to "common-law bad faith," as recognized in the case of *Hayseeds v. State Farm Fire and Cas. Co.*, 177 W. Va. 323, 352 S.E.2d 73 (1986).

45. As a direct and proximate result of Defendant Nationwide's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Nationwide her economic and non-economic damages, including attorneys fees, costs, and damages for annoyance and inconvenience, as permitted under *Hayseeds*.

46. From its initial notification of the Plaintiff's claims, Defendant Nationwide has acted maliciously, wilfully, and intentionally, predetermined to refuse and/or delay full and proper payment of Plaintiff's claim.

47. Defendant Nationwide's deliberate, malicious and intentional acts toward the Plaintiff have proximately caused continuing economic and non-economic damages to the Plaintiff, all of which warrant and command an award of punitive damages, as permitted under *Hayseeds*.

### Count IV-Unfair Trade Practices (Nationwide and McConnell)

48. Plaintiff hereby restates and re-alleges, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 47 of this Complaint, as though fully restated and made a part of Count IV of this Complaint.

49. Defendant Nationwide was provided with reasonable notice of Plaintiff's claims for the damage to her home and barn caused by the subject windstorm, and had adequate time to investigate any material coverage and/or liability issues.

50. At all times relevant herein, Defendants Nationwide and McConnell misrepresented pertinent and material facts with regard to the availability and amount of insurance coverage at issue, in direct violation of *W. Va. Code § 33-11-4(9)(a)*. In particular, on July 16, 2020, Defendants

misrepresented the terms of the Nationwide Policy and Nationwide's right to depreciate the cost of repairing and/or replacing the Plaintiff's real property.

51. At all times relevant herein, Defendants Nationwide and McConnell have refused to acknowledge and act reasonably promptly upon communications with respect to the claims of the Plaintiff, and this constitutes a direct violation of *W. Va. Code §33-11-4(9)(b)*. In particular, Defendants Nationwide and McConnell refused to promptly respond to Plaintiff's requests for payment under the Nationwide Policy and failed to act promptly in response to information provided by the Plaintiff.

52. At all times relevant herein, Defendant Nationwide failed to adopt and/or implement reasonable standards for the prompt investigation of Plaintiff's claim arising under the Nationwide Policy, and this constitutes a direct violation of *W. Va. Code §33-11-4(9)(c)*. In particular, Nationwide failed to implement standards which would have prevented Defendant McConnell from applying depreciation to the cost to repair and/or replace the Plaintiff's real property in violation of West Virginia law and the express terms of the Nationwide Policy.

53. At all times relevant herein, Defendants Nationwide and McConnell delayed full and proper payment of Plaintiff's claims and failed to conduct a prompt and reasonable investigation based upon all available information, and this constitutes a direct violation of *W. Va. Code §33-11-4(9)(d)*. In particular, Defendants Nationwide and McConnell delayed payment of the Plaintiff's incurred cost for debris removal for months, until July of 2020, and refused to pay the full cost of repairing and/or replacing the Plaintiff's real property by improperly applying depreciation.

54. At all times relevant herein, Defendants Nationwide and McConnell did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, despite the

fact that Nationwide's liability under the Nationwide Policy was reasonably clear, and this constitutes a direct violation of *W. Va. Code §33-11-4(9)(f)*. In particular, Defendants Nationwide and McConnell delayed payment of the Plaintiff's incurred cost for debris removal for months, until July of 2020, and refused to pay the full cost of repairing and/or replacing the Plaintiff's real property by improperly applying depreciation.

55. Defendants Nationwide and McConnell compelled the Plaintiff to institute this litigation in order to recover the full amount of insurance coverage benefits due and payable under the Nationwide Policy, and this constitutes a direct violation of *W. Va. Code §33-11-4(9)(g)*.

56. At all times relevant herein, Defendants Nationwide and McConnell failed to promptly provide a reasonable explanation of the basis in the Nationwide Policy in relation to the facts or applicable law for their refusal to pay the subject insurance benefits, and this constitutes a direct violation of *W. Va. Code §33-11-4(9)(n)*. In particular, Defendants Nationwide and McConnell failed to explain the basis in the Nationwide Policy for their unlawful application of depreciation to the cost of repairing and/or replacing Plaintiff's real property.

57. At all times relevant herein, Defendants Nationwide and McConnell failed to promptly provide reasonable assistance and instructions to the Plaintiff, so that she could comply with the Nationwide Policy's conditions and Defendant Nationwide's various requirements, and this constitutes a direct violation of *West Virginia Code of State Regulations (C.S.R.) §114*.

58. At all times relevant herein, Defendants Nationwide and McConnell failed to promptly conduct and diligently pursue a thorough, fair and objective investigation of Plaintiff's claim, and unreasonably delayed the resolution of the claim, and this constitutes a direct violation of *West Virginia Code of State Regulations (C.S.R.) §114*.

59. The conduct of Defendants Nationwide and McConnell is part of a general business practice and constitutes unfair claims settlement practices under West Virginia law, and specifically the provisions of *W. Va. Code §33-11-4(9)*.

60. As a direct and proximate result of the Defendants' violations of *W. Va. Code §33-11-4(9)* as outlined above, the Plaintiff has been deprived of the full insurance benefits due and owing under the Nationwide Policy, and she has sustained other economic and non-economic damages, as well as the costs incurred in pursuing this action, attorneys fees, annoyance and inconvenience, and other general damages.

61. From their receipt of the initial notification of Plaintiff's claims, Defendants Nationwide and McConnell acted maliciously, willfully and intentionally, predetermined to delay and refuse proper and full payment of Plaintiff's claims, in violation of *W. Va. Code §33-11-4(9)*.

62. At all times relevant herein, Defendants Nationwide and McConnell acted with the deliberate, willful and malicious intent to injure and damage the Plaintiff in violation of West Virginia law, all of which has proximately caused and is continuing to cause economic and non-economic damages to the Plaintiff and which warrants and commands an award of punitive damages.

63. Defendants Nationwide and McConnell's violations of the Unfair Trade Practices Act have been committed with such frequency as to constitute the Defendants' general business practice of violating the Act.

64. Under the legal precedent established in *Jenkins v. JC Penney Cas. Ins. Co.* 280 S.E.2d 252 (W. Va. 1981), and *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W. Va. 1996), this Court has jurisdiction over this private cause of action for the unfair claims settlement practices of Defendants Nationwide and McConnell, and the Plaintiff is entitled to an award of damages for

legal fees and costs, net economic losses, annoyance and inconvenience, general damages, and punitive damages pursuant to said cause of action.

**WHEREFORE**, the Plaintiff, individually and on behalf of all similarly situated insureds demands judgment as follows:

a) A declaratory judgment that Defendant Nationwide is obligated to pay insurance benefits to the Plaintiff for the reasonable cost of repairing and/or replacing the Plaintiff's real property, without deduction for depreciation, pursuant to the Declaratory Judgments Act found at *W. Va. Code §55-13-1, et seq.*;

b) A declaratory judgment, that under applicable West Virginia law, Defendant Nationwide is obligated to pay insurance benefits to the Plaintiff and the Class for the reasonable cost of repairing and/or replacing damage to real property without deduction for depreciation, pursuant to the Declaratory Judgments Act found at *W. Va. Code §55-13-1, et seq.*

c) An award of compensatory damages against Defendant Nationwide, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the contractual sums due the Plaintiff under the Nationwide Policy, plus the attorneys fees, costs, net economic losses, consequential damages, and general damages the Plaintiff has sustained as a result of Defendant Nationwide's breach of its insurance contract;

d) An award of compensatory damages against Defendant Nationwide, in an amount in excess of this Court's threshold jurisdictional limits, as proven by the evidence at trial, in connection with the contractual sums due the members of the Class as a result of Defendant Nationwide's improper application of depreciation to the cost of repairing and/or replacing damage to their real property, plus the attorneys fees, costs, interest and net economic loss incurred as a result of the Defendant Nationwide's improper application of depreciation to the cost of repairing and/or replacing damages to the real property of the Class;

e) Compensatory and punitive damages against Defendant Nationwide in connection with Defendant Nationwide's common law bad faith and its breach of its covenant of good faith and fair dealing to the Plaintiff;

f) Compensatory and punitive damages against Defendants Nationwide and McConnell for their violations of the Unfair Trade Practices Act as a general business practice in connection with their handling of the Plaintiff's claim;

g) Pre-judgment and post-judgment interest, and the attorney's fees and expenses incurred in pursuing this action; and

h) Such further and additional relief as the Court may deem just and proper.

**PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INSUREDS, DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THIS COMPLAINT.**

JENNI KOVICH, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INSUREDS

By counsel,

/s/ *Brent K. Kesner*

Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6066)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV 25329
*Phone:* (304) 345-5200
*Fax:* (304) 345-5265

Robert V. Berthold, Jr., Esq. (WVSB #326)
Robert V. Berthold, III, Esq. (WVSB # 11065)
**Berthold Law Firm, PLLC**
P.O. Box 3508
Charleston, WV 25335