IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JENNI KOVICH individually and
on behalf of all similarly situated insureds,

           Plaintiff,

v.                                              CIVIL ACTION NO. 3:20-0518

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, a foreign corporation, and
CODY McCONNELL,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

At the parties' request, the Court held a status conference on April 5, 2021, to discuss the issue of whether Plaintiff's proposed class may include both residential and commercial property policyholders. That same day, the Court directed the parties to brief the issue. Plaintiff timely submitted her Memorandum Regarding Inclusion of Commercial Properties in Proposed Class (ECF No. 31). Defendants responded to that Memorandum and filed their own Motion for Partial Judgment on the Pleadings (ECF No. 33).[1] The briefing is now complete, and the dispute is ripe for review. For the following reasons, the Court **DENIES** Defendant's motion (ECF No. 33).

**I. BACKGROUND**

Plaintiff Jenni Kovich initiated this action on July 30, 2020. The Amended Complaint alleges that a windstorm damaged her home and barn, and that she filed a claim with her insurer,

---

[1] Defendants submitted an Amended Memorandum in Opposition to Plaintiff's Memorandum (ECF No. 38) four days after its original response. The Amended Memorandum included a declaration from Howard Snyder, the Technical Director of Nationwide Property Casualty Insurance Company. Other than noting the untimeliness of the Amended Memorandum, Plaintiff did not object.

Defendant Nationwide Property & Casualty Insurance Company, and insurance agent, Defendant Cody McConnell. According to Plaintiff, her policy required Nationwide to pay the full cost to repair her home and barn, as well as the cost of replacing her lost and damaged personal property. Plaintiff further claims that Defendants refused to provide first-party assistance and imposed an "unlawful deduction for depreciation." *Am. Compl.* ¶ 20. Plaintiff claims that these acts constitute a breach of contract and warrant declaratory judgment and damages.

Plaintiff also brings a putative class action claim alleging breach of contract. The Amended Complaint proposes the following class definition:

> Any person or entity:
>
> 1. Who is or was insured under a Nationwide insurance policy covering real property located in West Virginia; and
>
> 2. Who, on or after April 13, 2010, suffered a covered cause of loss for damage to their insured real property; and
>
> 3. Who received an offer or payment for the cost of repairing and/or replacing the damage to their real property which reflected a deduction by Nationwide for depreciation in connection with the cost of repairing and/or replacing the real property.

*Am. Compl.* ¶ 28.

In preparation for the class certification motion, Plaintiff served written discovery seeking to identify the total number of potential class members meeting those criteria. Nationwide refused to produce discovery for commercial policyholders, reasoning that Plaintiff, a residential policyholder, cannot represent a class with commercial insureds. Naturally, Plaintiff disagrees, and argues that her claim satisfies the Rule 23 requirements.

## II. STANDARD OF REVIEW

In analyzing a party's motion for judgment on the pleadings under Federal Rule 12(c), the Fourth Circuit has indicated that the applicable standard is the same as a motion to dismiss under

Federal Rule 12(b)(6), noting that the "distinction is one without a difference." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). To overcome a motion for judgment on the pleadings, a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true, the allegations "must be enough to raise a right to relief above the speculative level . . . . " *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion [for judgment on the pleadings] we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. DISCUSSION

Defendants' Motion for Judgment on the Pleadings asks this Court to dismiss Plaintiff's class claim to the extent that it permits commercial policyholders to be included in the putative class. Defendants argue that Fourth Circuit precedent precludes Plaintiff from "advance[ing] a

single collective breach of contract action on the basis of multiple different contracts." *Defs.' Am. Mem. In Opp. to Pl.'s Mem*. 2, ECF No. 35 (quoting *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998)) (internal quotation marks omitted). Flowing from this premise, Defendants assert that Plaintiff can neither meet the certification requirements under Federal Rule of Civil Procedure 23(a), nor the predominance requirement under subsection (b)(3). Defendants seek dismissal of Plaintiff's class claims to the extent that the proposed class includes commercial policyholders and a prohibition of discovery related to the same. The Court will address these arguments after reciting the applicable law.

Rule 23(a) states "four threshold requirements to all class actions:" (1) a class so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class; (3) a representative party whose claims and defenses are typical of the class's claims and defenses; and (4) a representative party that will fairly and adequately protect the class's interests. Fed. R. Civ. P. 23(a); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

In addition to satisfying these prerequisites, plaintiffs must demonstrate that the proposed class action fits into one of three forms permitted by Rule 23(b). *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 163 (1974). Plaintiff here brings her class action claim under the third form, which allows plaintiffs to maintain a class action if

> [t]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). When drafting this rule, "the Advisory Committee had dominantly in mind vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617 (quoting Kaplan, Prefatory Note 497) (internal quotation marks omitted).

Because each of these requirements require "rigorous" factual and legal analyses, it is rare for a court to make a class determination at the pleadings stage. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). As recently held in this District, class allegations should be dismissed or stricken before the class certification stage only when "it is clear from the face of the complaint that the plaintiff cannot and could not meet Fed. R. Civ. P. 23's requirements for certification . . . ." *Sommerville v. Union Carbide Corp.*, No. 2:19-CV-00878, 2020 WL 2945541, at *3 (S.D. W. Va. June 3, 2020) (Goodwin, J.) (quoting *Williams v. Potomac Family Dining Grp. Operating Co.*, No. GJH-19-1780, 2019 WL 5309628, at *5 (D. Md. Oct. 21, 2019)) (internal quotation marks omitted); *Fain v. Crouch*, No. CV 3:20-0740, 2021 WL 2004793, at *5 (S.D. W. Va. May 19, 2021) (quoting same). Accordingly, although the burden will shift to Plaintiff at the class certification stage, it presently falls on Defendants to demonstrate that Plaintiff's claim is insufficient as a matter of law.

*Commonality, Typicality, and Class Representation Under Rule 23(a)*

As noted above, the proposed class definition includes commercial as well as residential property policyholders. Defendants reason that Plaintiff, who fits in the latter category, cannot meet the commonality, typicality, or class representation requirements under Rule 23(a) because her residential policy is distinct from the commercial policies.

Defendants primarily rely on *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331 (4th Cir. 1998), a putative class action brought by former and current franchisees alleging

breach of contract by their parent company. The Fourth Circuit made two relevant holdings in that case. First, the court held that the named plaintiff was not an adequate class representative because it was undisputed that the class members had conflicting interests: the former franchisees sought maximal damages from the parent company, while the current franchisees maintained an interest in its long term financial health. *Id*. at 337-39. The two sides attempted to mediate the conflict without success. Based on these facts, the appellate court concluded that the district court erred in its finding that the named plaintiff could serve as an adequate representative. *Id*.

Second, the Fourth Circuit held that the named plaintiff did not meet the commonality or typicality requirements because, among other things, the class members' contracts were too dissimilar. *Id*. at 340-43. The appellate court explained that the contracts varied "from year to year and from franchisee to franchisee." This meant that the contract claims rested on "materially different contract language," and created "wholly distinct set[s] of interpretive issues." *Id*. at 340 (internal quotation marks omitted). Ultimately, these differences created the possibility that the defendant's conduct breached some contracts but not others. *Id*. The Fourth Circuit reversed the district court and decertified the class.

While *Broussard* certainly illustrates the potential challenges in bringing a class action for breach of contract, the Court does not read it as narrowly as Defendants. The decision does not preclude all class actions for breach of contract. In fact, in the decades following *Broussard*, the Fourth Circuit has affirmed certification of classes premised on contract claims, including some cases against insurers. *See, e.g.*, *Ward v. Dixie Nat. Life Ins. Co.*, 595 F.3d 164 (4th Cir. 2010). That said, the Court recognizes that Plaintiff—much like any other plaintiff seeking class certification—cannot bring a class action for breach of contract if there is a fundamental conflict of interest among the proposed class members, or if the contract terms are materially different. *See*

*id.* at 180 ("For a conflict of interest to defeat the adequacy requirement, that conflict must be fundamental.") (quoting *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003)) (alterations in original) (citation and internal quotations omitted). This inquiry requires a fact-intensive analysis that is ill-suited for the pleading stage.

With this in mind, the Court cannot accept Defendants' arguments that Plaintiff will not be able to meet the Rule 23(a) requirements as a matter of law. Defendants suggest that *Broussard* shows that Plaintiff cannot be a proper class representative because the proposed class includes those with commercial policies. But unlike the franchisees in *Broussard*, Defendants have not identified any inherent conflict of interest between residential and commercial policyholders. Rather, Defendants assert that Plaintiff cannot possibly represent a class including commercial insureds "because she would not be a member of any such class." *Defs.' Am. Mem. In Opp. to Pl.'s Mem.* 4, ECF No. 35. This conclusory reasoning both ignores the proposed class definition, which broadly includes Plaintiff's claim as well as commercial claims, and fails to articulate how Plaintiff's interest in recovering the deducted value of depreciation differs from a commercial insured's interest in recovering the same.

Defendants have also failed to articulate a material difference between residential and commercial policies. Although Defendants proffer Plaintiff's policy and an exemplar commercial policy in an attempt to highlight their differences, they have not pointed to any material terms that would raise "wholly distinct set[s] of interpretive issues," nor have Defendants explained how the differences could lead to varying results among class members. *See Broussard*, 155 F.3d at 340. Rather, they make another conclusory assertion that the "policy forms themselves are completely different from one another, containing different language." *Defs.' Am. Mem. in Opp. to Pl.'s Mem.* 7, ECF No. 35. How do these differences impact the merits of Plaintiff's claim? Defendants do not

say.

The only differences specified by Defendants relate to the method of claim adjustment. Plaintiff counters that these differences are irrelevant to the most prevalent issue at hand: whether Nationwide unlawfully deducted depreciation from claims. Plaintiff further argues that residential and commercial policies contain the same prohibition of depreciation-related deductions, and to the extent that the policies differ, those differences are immaterial because West Virginia Code § 33-17-9 also prohibits depreciation-related deductions.

The Court finds that Plaintiff's claims are plausible and rejects Defendants' Rule 23(a) challenges. Of course, it is possible that the parties encounter the sort of problems described in *Broussard* by the class certification stage. However, without the benefit of a fully-briefed factual analysis, the Court cannot conclude that Plaintiff's claim is impermissible.

*Predominance under Rule 23(b)*

As noted above, Defendants also argue that Plaintiff cannot meet the predominance requirement under Rule 23(b), which provides that the "questions of law or fact common to class members predominate over any questions affecting only individual members . . . . " This requirement gives rise to a two-step analysis. *The predominance requirement—Two-step analysis*, 2 Newberg on Class Actions § 4:50 (5th ed.) (footnote and citations omitted). First, the Court must characterize the issues as common or individual. *Id*. "An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-54 (2016) (quoting *Newberg on Class Actions* § 4:50 (5th ed. 2012)) (internal quotation marks omitted). Second, the Court must weigh the issues to determine

which predominate. This inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id.* at 454 (quoting *Newberg on Class Actions* § 4:49)) (internal quotation marks omitted).

Here, the parties dispute both the framing of the issues and their nature. On the one hand, Plaintiff identifies a simple, common issue to all class members: whether Nationwide's practice of deducting depreciation from claims violates West Virginia Code § 33-17-9. On the other hand, Defendants present a complex set of individualized questions, including questions about contract interpretation and damages.

At the outset, the Court notes that it is skeptical of Plaintiff's framing and especially her assertion that the contract language is immaterial. The Amended Complaint expressly presents Counts I and II as breach of contract claims, neither of which reference West Virginia Code § 33-17-9. Yet Plaintiff goes so far as to say that it is "the unlawful deduction for depreciation for damage to real property which is at issue, not the nature of the underlying insurance contract or the process by which the claims were adjusted." *Pl.'s Reply* 5, ECF No. 36. Despite this skepticism, the Court declines to grant judgment to Defendants at this stage. Just as with the Rule 23(a) requirements, the Court cannot gauge the extent of the individual questions at issue without speculating about the material terms of the contracts. Unable to gauge what may be the most important questions of the case, the Court also declines to consider Defendant's arguments about individual damages at this time.

*Discovery*

Lastly, the Court declines to limit discovery related to the potential commercial class members because, as held above, this information is necessary to the class certification analysis.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings (ECF No. 33), lifts the stay of this matter, and **DIRECTS** the parties to conduct a Rule 26(f) meeting and file a report of the same by August 20, 2021.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented parties.

ENTERED: August 2, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE