IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JENNI KOVICH, individually and on
behalf of all similarly situated insureds,**

      **Plaintiff,**

v.                                                    Case No.:  3:20-cv-00518

**NATIONWIDE PROPERTY &
CASUALTY INSURANCE COMPANY,
a foreign corporation, and CODY
MCCONNELL,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Continued Deposition of 30(b)(6) Representative Jodi Abbate. (ECF No. 87). Defendants have filed a response in opposition to the motion, (ECF No. 92), and Plaintiff has submitted a reply memorandum. (ECF No. 95). Having reviewed the briefs, the undersigned finds that oral argument is not necessary to help resolve the issue. For the following reasons, the Court **DENIES** the motion.

According to Plaintiff, she noticed the deposition of a corporate representative of Nationwide Property and Casualty Insurance Company ("Nationwide") pursuant to Fed. R. Civ. P. 30(b)(6). The notice contained thirteen topics, including the following three:

    11.    The premium income received by Nationwide for fiscal year 2019 and for fiscal year 2020.

    12.    The net income or loss of Nationwide for fiscal year 2019 and fiscal year 2020.

> 13. The surplus of Nationwide at the end of fiscal year 2019 and at the end of fiscal year 2020.

(ECF No. 87 at 2). Nationwide objected to the three topics on several grounds, including that it had already produced documents relevant to the topics and that the topics were premature as Plaintiff was not permitted to discover information regarding Nationwide's financial situation until and unless there was a determination that Plaintiff had stated a *prima facie* case for punitive damages. (ECF No. 92 at 2). In response to these objections, Plaintiff proposed that the parties stipulate to three discrete facts. (*Id.*). The stipulation offered by Plaintiff contained the following statements, with the expectation that Nationwide would fill in the blanks:

> 11. The premium income received by Nationwide for fiscal year 2019 was $_____, and for fiscal year 2020 was $_____.
>
> 12. The net income or loss of Nationwide for fiscal year 2019 was $_____, and for fiscal year 2020 was $_____.
>
> 13. The surplus of Nationwide at the end of fiscal year 2019 was $_____, and at the end of fiscal year 2020 was $_____.

(ECF No. 92-3). Rather than completing and filing the proposed stipulation, Nationwide designated Ms. Jodi Abbate to address the three topics at the Rule 30(b)(6) deposition.

At the deposition, Ms. Abbate provided the dollar figures requested by Plaintiff, as well as testimony regarding annual statements supplied by Nationwide to Plaintiff. However, when Plaintiff's counsel began to inquire about various factors underlying Nationwide's reported income or loss, Nationwide objected and instructed its representative not to answer the questions.

Plaintiff contends that she is entitled to the information sought at the deposition, as it was encompassed in the three topics. Plaintiff points out that Nationwide did not "file objections" to the topics, nor did it file a motion for a protective order. Accordingly,

in Plaintiff's view, when Nationwide instructed its representative not to answer the questions, Nationwide was placing improper limitations on the deposition topics. Finally, Plaintiff argues that the Federal Rules of Civil Procedure prohibit counsel from instructing a witness not to answer a deposition question, except when necessary to protect a privilege, enforce a limitation imposed by the court, or to present a motion under Rule 30(d)(3). Plaintiff notes that Nationwide's counsel instructed the witness not to answer notwithstanding that the questions did not seek privileged information, the court had not ordered any limitation to the questions, and Nationwide never filed a motion under Rule 30(d)(3). Plaintiff asserts that the failure of the witness to answer the questions is tantamount to a failure to appear and merits the imposition of sanctions under Rule 37(d).

Nationwide disagrees with Plaintiff an all accounts. First, Nationwide argues that Plaintiff is not allowed discovery regarding Nationwide's net worth, because Plaintiff has not established a *prima facie* claim for punitive damages, and the financial information is only relevant to such a claim. Next, Nationwide contends that Plaintiff limited the scope of the three topics by supplying the proposed stipulation. Finding the scope, as set forth in the stipulation, to be acceptable, Nationwide had no reason to file a motion for protective order. Finally, Nationwide asserts that its instruction to the witness not to answer the questions was appropriate, and Plaintiff's request for sanctions should be denied as Plaintiff failed to confer with Nationwide in good faith prior to filing the instant motion.

When serving a notice of deposition on an organization, such as a corporation, the party seeking discovery is obligated to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Further, the Rule requires that "[b]efore or

3

promptly after the notice … is served, the serving party and the organization must confer in good faith about the matters for examination." *Id.* The reason for such a conference is to encourage the parties to have a candid discussion about the purpose of the deposition and to refine the matters for examination to reduce disagreements at the deposition. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 2020 amendment.

  Here, the parties complied with Rule 30(b)(6) by exchanging correspondence about the three topics at issue. Nationwide did not file objections with the Court—which is not required by the rule—but instead communicated its objections, in writing, to Plaintiff. In response to the objections, Plaintiff supplied a written stipulation reflecting the scope of information she sought in the three topics. The stipulation made clear that Plaintiff wanted Nationwide to provide six monetary amounts. As the parties agreed to this narrow interpretation of the topics, the undersigned finds that Nationwide had no reason to file a motion for a protective order. Although Nationwide chose to proceed with the deposition rather than sign the stipulation, the scope of the topics as set forth in the proposed stipulation was not revisited or enlarged by Plaintiff until the deposition was underway. When the questioning by Plaintiff at the deposition exceeded the scope proposed by Plaintiff, and tacitly agreed to by the parties, Nationwide had a valid reason for limiting the testimony.

  However, as Plaintiff emphasizes, Nationwide did not technically comply with Fed. R. Civ. P. 30(c)(2) and 30(d)(3) when instructing the witness not to answer questions. Rule 30(d)(3) states that a motion to limit or terminate the deposition may be asserted "at any time during a deposition" if the examination "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *See* Fed. R. Civ. P. 30(d)(3). Rule 30(c)(2) provides that "[a] person may instruct a

deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *See* Fed. R. Civ. P. 30(c)(2). Nationwide did not claim a privilege and the court did not order any limitations; consequently, Nationwide's behavior was only appropriate if Nationwide moved under Rule 30(d)(3) at the time of the deposition to terminate or limit the examination, and then proceeded to file with the Court a motion under Rule 30(d)(3). Nationwide did not explicitly assert at the deposition that it was instructing the witness pursuant to Rule 30(d)(3), and did not file a Rule 30(d)(3) motion upon conclusion of the deposition.

Although Nationwide did not file the appropriate motion, the deficiency does not merit sanctions in this case. To begin, neither Rule 30(c)(2), nor Rule 30(d)(3), sets a specific time frame for the *filing* of a Rule 30(d)(3) motion. As previously stated, Rule 30(d)(3) states that the deponent or a party may move to limit or terminate a deposition "at any time during the deposition," and that the examination may be suspended "for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3). However, the time frame allowed for seeking an order is nebulous. Realistically, a party moving to limit or terminate the deposition can make only an oral motion during the deposition. A written motion would follow at some point after the examination ends—at least at that sitting of the deposition. How long the moving party has to file a motion is unclear. This Court's Local Rules place a thirty-day deadline for the filing of motions to compel and other motions "in aid of discovery," but do not specifically address a time frame for filing a motion under Rule 30(d)(3). *See* L. R. Civ. P. 37.1.

Plaintiff promptly raised the discovery issue with the Court by filing a Motion to Compel two weeks after the conclusion of the deposition, which arguably diminished the

5

need for Nationwide to file a competing motion regarding the same dispute. Accordingly, in the absence of a specific time frame in the Federal or Local Rules, and considering that the issue was brought to the Court's attention within two weeks after the dispute arose, Nationwide's failure to follow up with a Rule 30(d)(3) motion prior to the filing of the Motion to Compel does not merit sanctions.

Plaintiff's contention that the failure of the deponent to answer various questions was tantamount to a failure to appear is likewise unpersuasive. Nationwide's representative provided the monetary figures sought by Plaintiff in the proposed stipulation and answered other questions related to the annual statement from which the monetary figures were obtained. Therefore, the witness appeared, was prepared to respond, and did respond to the topics as defined by the stipulation proposed by Plaintiff.

With respect to Plaintiff's request for an order compelling the witness to appear for a second deposition to answer the questions that were left unanswered at the sitting, the Court declines to enter such an order. Courts have consistently held that a "practical and realistic approach" should be applied when evaluating discovery motions, and discovery motions must be determined on a case-by-case basis. *See, e.g., S. Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, No. CIV.A. 11-2715, 2013 WL 1196604, at *5 (E.D. La. Mar. 22, 2013) (collecting cases). Regardless of which party raises a discovery dispute, or what vehicle is used to bring the issue to the court's attention, the goal of the court is to address the merits of the dispute and resolve it so that equitable discovery can proceed. District courts enjoy substantial discretion in the management of discovery. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Of relevance to this case, "a court is not required to grant a motion to compel merely because an attorney gave an improper instruction not to answer." *E.E.O.C. v.*

*Freeman*, 288 F.R.D. 92, 98 (D. Md. 2012). Instead, when the motion to compel seeks answers from a deponent appearing under Rule 30(b)(6), the court should consider the scope of the notice of deposition in resolving the motion. *Id.* (citations omitted). Plaintiff argues that she is entitled to answers regarding Nationwide's finances because she has alleged claims for which punitive damages may be awarded. This Court has had occasion in the past to consider when a defendant's financial information becomes relevant to a punitive damages claim. In *Robinson v. Quicken Loans Inc.*, No. CIV.A. 3:12-0981, 2013 WL 1704839, at *3-4 (S.D.W. Va. Apr. 19, 2013), this Court examined the differences of opinion expressed by district courts within the Fourth Circuit regarding the showing that must be made before a plaintiff is entitled to pretrial discovery of financial information relevant to a punitive damages claims. The Court determined that, in this district, the practice was to allow discovery of financial information only after the plaintiff had established a *prima facie* claim for punitive damages. *Id.,* at *4. More specifically, this Court explained that to satisfy the standard, the plaintiff was required to "produce some factual evidence in support of her claim." *Id.* The evidence submitted could include affidavits and documents, as well as the types of evidentiary support sufficient to withstand a motion for summary judgment seeking dismissal of a punitive damages claim. *Id.,* at n. 3.

      In this case, it does not appear that Plaintiff has established a *prima facie* claim for punitive damages. Certainly, Nationwide contends that no evidence has been uncovered to suggest that Nationwide met the high threshold of actual malice in its dealings with Plaintiff that is necessary to state a claim for punitive damages. Plaintiff does not respond by demonstrating the existence of such evidence. To the contrary, she ignores the decision in *Robinson* and relies on cases that predate *Robinson* to argue that

7

such a "bright line" rule has not been announced. Plaintiff is not correct. *See, e.g., McCollum v. GEICO*, No. 5:20CV46, 2020 WL 6947904, at *4 (N.D.W. Va. Aug. 24, 2020) (holding that the Northern District of West Virginia, like the Southern District, typically requires a "heightened showing" by a plaintiff before financial information can be collected regarding a punitive damages claim); *Robertson v. Cincinnati Life Insurance Company*, Case No.: 3:16-cv-04242, 2018 WL 4854089, at *2 (Oct. 4, 2018) ("In *Robinson v. Quicken Loans, Inc., supra*, this Court found that a plaintiff is required to make a *prima facie* claim for punitive damages before being entitled to discover a defendant's financial records. To satisfy this burden, the plaintiff must produce some factual evidence in support of the claim. Sufficient supporting evidence includes affidavits, documentary evidence, testimony, interrogatory responses and the like. Merely stating a proper claim for relief, sufficiently pleading factual allegations, and surviving a motion to dismiss are not adequate to demonstrate a *prima facie* case.") (internal citations and markings omitted); *Pinnacle Mining Co., LLC v. Bluestone Coal Corp.*, No. CIV.A. 5:08-00931, 2015 WL 1482305, at *5 (S.D.W. Va. Mar. 31, 2015) ("In this District, a plaintiff must demonstrate a viable claim for punitive damages before discovery of a defendant's financial worth."). Thus, in the absence of a *prima facie* case for punitive damages, Plaintiff's motion to compel additional financial information from Nationwide's representative, Ms. Abbate, is denied.

The Clerk is directed to provide a copy of this order to counsel of record.

ENTERED: November 22, 2021

*[signature]*

Cheryl A. Eifert
United States Magistrate Judge