IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JENNI KOVICH individually and
on behalf of all similarly situated insureds,

      Plaintiff,

v.          CIVIL ACTION NO. 3:20-0518

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY, a foreign corporation, and
CODY McCONNELL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

  Pending before the Court is Defendants Nationwide Property & Casualty Insurance and Cody McConnell's Motion for Summary Judgment. ECF No. 130. For the following reasons, the Court **GRANTS** partial summary judgment as to the issue of punitive damages.

### I. BACKGROUND

  Plaintiff Jenni Kovich is a West Virginia resident who had a homeowner's insurance policy from Defendant Nationwide Property & Casualty Insurance ("Nationwide") on April 13, 2020, when a windstorm allegedly damaged her home and property. Am. Compl., ECF No. 3. at ¶¶ 1, 8-9, 12. Immediately following this incident, Ms. Kovich filed a claim with Nationwide. *Id*. ¶ 14. Defendant Cody McConnell was the claims adjuster employed by Nationwide who was assigned to Ms. Kovich's claim. *Id*.

  Two days after Ms. Kovich filed her claim, Nationwide hired Paul Davis Emergency Services to prepare an estimate of the damages, sending him to inspect the property on

April 15, 2020. Def.'s Mot. for Summ. J., Ex. B, Jenni Kovich Dep. 192:18-193:8. An engineering firm was hired to provide an opinion as to the source of the damage to Ms. Kovich's property, and Ms. Kovich was informed of this investigation on June 3, 2020. *Id*. at Ex. 13. While the report was inconclusive, Mr. McConnell was directed by his supervisor at Nationwide to provide coverage for Ms. Kovich's claim. *Id*. at Ex. A, Cody McConnell Dep. 164:17-165:5; Kovich Dep. 108:4-109:22, Ex. 14.

The prepared estimate included a deduction for depreciation of property value of $758.75. Pl.'s Mot. for Partial Summ. J., Ex. C, Paul Davis Estimate, ECF No. 128. Additionally, Nationwide and Plaintiff dispute whether her policy requires coverage of damages to her barn door, window screens, emergency roof repairs,[1] and Additional Living Expenses ("ALE") concerning the cost of care for animals normally housed in her barn while the barn was uninhabitable. Pl.'s Mem. of Law in Supp. of Mot. for Partial Summ. J. 11-12, ECF No. 129; Defs.' Mem. in Opp'n to Pl.'s Mot. for Partial Summ. J. 8-11, ECF No. 134. Yet, Nationwide did compensate Ms. Kovich for $14,393.29 worth of damages to her property and debris removal costs on July 16, 2020. Def.'s Mot. for Summ. J., Kovich Dep. 115:14-116:22, 124:3-20 (stating check was received on July 20, 2020 and deposited on July 28, 2020), Ex. 16 (email concerning payment for damages), Ex. 19 (email concerning payment for debris removal).

Plaintiff filed a class action lawsuit in this Court on July 30, 2020, concerning the alleged improper withholding of depreciation from homeowners' insurance payments in the state of West Virginia, in contravention of West Virginia Code §33-17-9. The parties were able to resolve this dispute via a court-approved class settlement. ECF No. 122. Remaining before the Court are

---

[1] It appears that emergency repairs were completed on Ms. Kovich's property by a third-party contractor who may never have been compensated by Nationwide. *See* Def.'s Mot. for Summ. J., McConnell Dep. 264:5-265:21. Ms. Kovich testified that she received a bill for these services but has not paid for them. *Id*. at Kovich Dep. 156:1-19.

Plaintiff's individual claims for insurance benefits, punitive damages, Count III: Common Law Bad Faith, and Count IV: Unfair Trade Practices of her Amended Complaint. *See id.*; Am. Compl. On August 19, 2022, Plaintiff motioned for partial summary judgment, asking the Court to hold that Nationwide was obligated to pay for the individual damages she sustained. ECF No. 128. Defendant likewise motioned for summary judgment on all claims. ECF No. 130. While Defendants argue for Summary Judgment as to all of Ms. Kovich's remaining claims, this Memorandum Opinion and Order will address only the issue of punitive damages. The remainder of Defendants' arguments will be considered in a future opinion.

## II. STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

(1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. ANALYSIS

The Supreme Court of Appeals of West Virginia has held that "an insurer is not liable for punitive damages by its refusal to pay on a claim unless such refusal is accompanied by a malicious intention to injure or defraud." *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986). Actual malice must be proved to prevail on a claim of punitive damages. *Id*. The Supreme Court of Appeals of West Virginia defined "actual malice" as a situation in which "the company actually knew that the policyholder's claim was proper, but willfully, maliciously and intentionally denied the claim." *Id*. at 80-81; *see also Moses Enters., LLC v. Lexington Ins. Co.*, 2021 WL 1566843 at * 4 (S.D.W. Va. Apr. 21, 2021). The Court went on to describe this standard as "a bright line standard, highly susceptible to summary judgment for the defendant." *Hayseeds*, 352 S.E.2d at 81. "Unless the policyholder is able to introduce evidence of intentional injury—not negligence, lack of judgment, incompetence, or bureaucratic confusion—the issue of punitive damages should not be submitted to the jury." *Id*.; *N. Am. Precast, Inc. v. Gen. Cas. Co.*, 413 Fed. App'x 574, 579 (4th Cir. 2011). The *Hayseeds* "actual malice" standard has been held to apply to punitive damages sought in relation to alleged violations of the UTPA. *McCormick v. Allstate Ins. Co.*, 505 S.E.2d 454, 459 (W. Va. 1998); *see also Skiles v. Mercardo*, 2016 WL 183921 at *10 (S.D.W. Va. Jan. 14, 2016). Accordingly, Ms. Kovich must demonstrate actual malice in Nationwide's inaction on her remaining claims in order to avoid summary judgment.

The Court finds that Plaintiff has not met her burden of demonstrating actual malice. While Ms. Kovich testified that the insurance claim proceedings did not move as quickly as she would

have preferred, the evidence before the Court shows that regular communication occurred between the parties throughout the approximately three months in which payment was pending. *See* Def.'s Mot. for Summ. J., Kovich Dep. 75:12-76:21; 106:11-107:22. Furthermore, Plaintiff's expert witness has testified conceding Nationwide's entitlement to investigate the validity of Ms. Kovich's claim prior to providing compensation and the propriety of Nationwide's communication with Ms. Kovich during that process. *Id*. at Ex. D., Vincent King Dep. 49:5-19. Defendants note that the time period in which the claim was processed was during the first wave of the pandemic, and Nationwide was processing claims in West Virginia pursuant to the state's emergency orders suspending normal insurance timelines and imposing remote working requirements. Defs.' Mem. in Supp. of Mot. for Summ. J. 4; Defs.' Mot. for Summ. J., Ex. C, Ins. Comm'r Ords. Moreover, and notwithstanding these restrictions on its normal course of operation, Nationwide timely paid Ms. Kovich $14,393.29 on her claim, despite an inconclusive expert report concerning the source of damages to her property. Defs.' Mot. for Summ. J., Kovich Dep. 115:14-116:22, 124:3-20, Ex. 16, Ex. 19; McConnell Dep. 164:17-165:5. The remaining amount in dispute is likely much less than this payment. *See* Kovich Dep. 155:2-156:13-19 (claiming emergency roofing repairs estimate cost of $336.13); 63:9-66:3 (potentially claiming emergency mule-related costs of at least $200).[2] Therefore, the record demonstrates that the majority of all potential coverage for Ms. Kovich was paid out to her in a reasonable time frame, following a reasonable course of communication between the parties, in spite of pandemic-related restrictions and ambiguous expert conclusions. This is insufficient to prevail in a suit for punitive damages under *Hayseeds*.

---

[2] While Ms. Kovich also claims damages related to emergency roof repairs, ALE concerning her animals, window screen replacement or repair, and barn door replacement or repair, she has yet to estimate the cost of these damages in full. Upon examination of the record as a whole, the Court finds it unlikely, however, that such expenses could significantly exceed $14,393.29.

Additionally, Plaintiff argues that Nationwide's failure to advise her of potential ALE coverage was malicious in nature. Pl.'s Resp. to Def.'s Mot. for Summ. J. 10, ECF No. 132. However, the record shows Plaintiff did not formally file a claim for ALE regarding housing for her animals with Mr. McConnell or any other representative of Nationwide. Defs.' Mot. for Summ. J., McConnell Dep. 109:22-112:3, 120:23-121:10 (demonstrating that Mr. McConnell knew of some housing issues with Ms. Kovich's animals, but did not inform her of ALE coverage, and stating Ms. Kovich did not file a claim); Kovich Dep. 65:3-66:14 (admitting she filed no claim concerning the animals and did not fully appraise Mr. McConnell of the situation concerning them). As no claim was made for these expenses, the Court cannot find that compensation for them was "willfully, maliciously and intentionally denied." *Hayseeds*, 352 S.E.2d at 80-81. The most Plaintiff has been able to demonstrate with regards to Defendants' failure to inform her of potential coverage for ALE when presented with information concerning her animals is "incompetence or bureaucratic confusion," which the Supreme Court of Appeals of West Virginia has held to be insufficient to sustain punitive damages. *Hayseeds*, 352 S.E.2d at 81.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 130) in part, as to the issue of punitive damages. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:	October 26, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE